[Cite as *Eaton Family Credit Union v. Brier*, 2012-Ohio-178.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96783**

## EATON FAMILY CREDIT UNION

PLAINTIFF-APPELLEE

vs.

## JONATHAN A. BRIER, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART
AND REMANDED

Civil Appeal from the
Euclid Municipal Court
Case No. 09 CVF 00593

**BEFORE:**     Blackmon, A.J., Kilbane, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**        January 19, 2012

**ATTORNEY FOR APPELLANTS**

Andrew S. Pollis
Joshua A. Lusk, Certified Legal Intern
Milton A. Kramer Law Clinic Ctr.
Case Western Reserve University School of Law
11075 East Boulevard
Cleveland, Ohio 44106

**ATTORNEYS FOR APPELLEE**

Matthew M. Young
Kevin C. Susman
Weltman, Weinberg & Reis
323 W. Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶ 1} Appellant Jonathan A. and Darla J. Brier ("the Briers") appeal[1] from the Euclid Municipal Court's garnishment order and assign the following errors for our review:

> **"I.  The trial court erred in rejecting Mr. Brier's affidavit of indigency and requiring him to pay a fee to file his notice of appeal."**
>
> **"II.  The trial court erred in overruling Mr. Brier's objections to the garnishment of his personal earnings of February 4, 2011, most of which were exempt from garnishment."**
>
> **"III.  The trial court erred in overruling Mr. Brier's motion to require proper calculations of subsequent garnishments of his personal earnings, including his personal earnings of March 4, 2011."**
>
> **"IV.  The trial court erred in denying Mr. Brier's motion to recall garnished personal earnings released to the plaintiff before the court ruled on Mr. Brier's objections."**

{¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's judgment in part and remand for the trial court to reimburse Brier the $50 fee he paid to the municipal court to file his appeal.  The apposite facts follow.

### Facts

---

[1]The appellee did not file an appellee's brief.

{¶ 3} On April 21, 2009, the trial court issued a default money judgment in the amount of $739.33, plus interest, against the Briers in favor of Eaton Family Credit Union ("Eaton Family"). On January 25, 2011, a garnishment order was issued to garnish Jonathan Brier's wages at Bally Total Fitness ("Bally"). On February 1, 2011, Brier requested a hearing regarding the garnishment of his personal income. He did not contest the amount he owed Eaton Family; he argued that pursuant to the garnishment formula set forth in R.C. 2329.66(A)(13), which is based upon whether paychecks are issued monthly or biweekly, the amount being garnished from his pay should be less.

{¶ 4} On March 1, 2011, a hearing was conducted before a magistrate. Pursuant to the App.R. 9(C) statement presented on appeal, Jonathan Brier was the sole witness at the hearing. The evidence showed that Bally employed Brier as a personal trainer. His income at Bally consisted of two components. He received commissions from the sale of personal-training sessions once a month. He was also paid for the time he spent in personal-training sessions with Bally's customers for which he was paid on a biweekly basis. Brier presented as evidence his earnings statements from Bally for the period of July 30, 2010 through February 24, 2011. The statements listed his total income for each pay period and also distinguished between the wages he received as commission income and his wages he received for personal-training sessions.

**{¶ 5}** The magistrate concluded the garnishment amount was appropriate pursuant to R.C. 2329.66(A)(13), because the decisive factor was that Brier was paid biweekly. Brier filed objections to the magistrate's decision, which were overruled by the trial court. The trial court agreed with the magistrate's conclusion that the biweekly formula was the correct way to determine the exempt earnings.

### Affidavit of Indigence

**{¶ 6}** In his first assigned error, Brier argues the trial court erred when it required him to pay $50 to file his notice of appeal. Relying on this court's decision in *Tisdale v. A-Tech Automotive Mobile Serv. & Garage*, Cuyahoga App. No. 92825, 2009-Ohio-5382, Brier argues that he is indigent and should not be subject to the filing fee.

**{¶ 7}** In *Tisdale*, the appellant presented to the Euclid Municipal Court his notice of appeal, praecipe, docketing statement, and an affidavit of indigency in support of his contention that he could not afford to pay the filing fee for his appeal. The municipal court refused to file his appeal until he paid the fee; the appellant filed a mandamus action in this court requesting that we require the municipal court to waive the fee and file his appeal.

**{¶ 8}** This court held that Euclid Municipal Court had "to accept for filing Tisdale's notice of appeal and accompanying materials as well as to

transmit all filings to the clerk of the court of appeals.   See App.R. 3 and Loc. App.R. 3." Id. 15. However, this court stressed:

> **"We emphasize, however, that this decision does not prevent the Euclid Municipal Court from imposing or enforcing its own filing fee for appeals.   Likewise, as part of this action, this court makes no determination regarding the propriety of the municipal court's exercise of its discretion in denying Tisdale's request for indigency status.   Nevertheless, a trial court must accept for filing and transmit to the clerk of the court of appeals a notice of appeal praecipe, and docketing statement if the appellant also files an affidavit of indigency for purposes of commencing an appeal."**

{¶ 9} *Tisdale* stands for the proposition that a municipal court cannot refuse to accept for filing an appellant's notice of appeal when it has an affidavit of indigency attached.   Here, the municipal court refused to file the appeal and concluded that Brier was not indigent, stating as follows: "Mr. Brier's request for indigency status is denied, and the requested Notice of Appeal should not be accepted for filing until such time as the court costs for such filing are paid."   Under *Tisdale*, the Euclid Muncipal Court cannot hold an appeal hostage until payment of the fee is made; therefore, the court did

err in this respect. However, because Tisdale paid the fee, he was able to file his appeal; therefore, the court's action did not prevent him from filing the appeal as in *Tisdale*. Consequently, the issue is whether Brier is entitled to a reimbursement of the $50 fee.

{¶ 10} "The standard of review in an appeal from a decision denying a motion for leave to proceed in forma pauperis is an abuse of discretion." *Wilson v. Ohio Dept. of Rehab. & Corr.* (2000), 138 Ohio App.3d 239, 243, 741 N.E.2d 152. An "abuse of discretion" has been defined as an unreasonable, arbitrary, or unconscionable act on the part of the trial court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. This court accepted Brier's affidavit of indigence, which was based on the same information that Brier provided to the trial court to support his claim of indigence. We did not require that he pay the $125 appellate fee. Consequently, we conclude the trial court abused its discretion by not finding Brier indigent for purposes of paying the $50 municipal court appellate fee. Accordingly, Brier's first assigned error has merit in part; therefore, we reverse the trial court's decision requiring Brier to pay the $50 fee and remand the matter for the trial court to issue a reimbursement of $50 to Brier.

## Garnishment of Exempt Earnings

{¶ 11} We will address Brier's second and third assigned errors together as they concern the calculation used to determine the amount of wages to be garnished from Brier's biweekly earnings.

{¶ 12} R.C. 2329.66 expressly allows for a portion of "personal earnings" to be held exempt from execution, attachment, or garnishment and provides in part as follows:

**"(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:**

**"(13)[P]ersonal earnings of the person owed to the person, for services in an amount equal to the greater of the following amounts:**

**"(a) If [the employee is] paid weekly, thirty times the current federal minimum hourly wage; if paid biweekly, sixty times the current federal minimum hourly wage; if paid semimonthly, sixty-five times the current federal minimum hourly wage; or if paid monthly, one hundred thirty times the current federal minimum hourly wage that is in effect at the time the earnings are payable, as prescribed by the 'Fair Labor Standards Act of 1938,' 52 Stat 1060, 29 U.S.C. 206(a)(1), as amended;**

**"(b) Seventy-five per cent of the disposable earnings owed to the person."**

{¶ 13} Therefore, to comply with the statute, a garnishee must determine the amount that is exempt under both subsections (a) and (b)

above and then subtract the higher amount from the employee's personal earnings. The sum amount remaining is the nonexempt amount that can be subject to garnishment.

{¶ 14} Here, it is undisputed that Brier is paid biweekly. However, because one of the biweekly paychecks contains payment for commissions that he receives monthly, Brier contends that the exempted amount should be higher. We disagree. The statute is focused on the number of times a person is paid within a month. Brier receives his commission once a month. Nevertheless, he receives a paycheck twice a month with the commission contained in one of the paychecks. The statute does not require a break-down of the biweekly checks to determine whether they include payments received once a month. Consequently, the formula for biweekly paychecks applies. No variation is necessary or required. Thus, the trial court did not err by denying Brier's objections to the magistrate's report and adopting the report.

{¶ 15} Brier also argues that even if the court was correct in using the full amount of his paychecks for calculating the exemption, that for his pay period of March 4, 2011, his pay was garnished $8.79 more than permitted. Our review of Brier's objections to the magistrate's report shows that this argument was not raised as part of his objections. Failure to raise an objection in the magistrate's report, waives the error on appeal. Civ.R.

53(3)(d); *Slowbe v. Slowbe*, Cuyahoga App. No. 83079, 2004-Ohio-2411; *Hampton-Jones v. Jones*, Cuyahoga App. Nos. 77412 and 77279, 2001-Ohio-4229. However, because of the nature of this case, we address Brier's argument and find it lacks merit.

{¶ 16} Brier claims that applying the 75% formula to his March 4, 2011 pay instead of the biweekly formula, would have led to a bigger exemption.[2] We disagree. Using the biweekly formula (minimum federal wage of $7.25 x 60 = 435) the $435 was exempt from his paycheck, leaving approximately $145 subject to garnishment ($580 - 435 = 145). Applying the 75% of income formula, we come to the same amount that is subject to garnishment. ($580 x .75 = 435). Therefore, Brier is incorrect in maintaining he is due a refund of $8.79. Accordingly, Brier's second and third assigned errors are overruled.

### Unauthorized Garnishments

{¶ 17} In his fourth assigned error, Brier argues that the bank made unauthorized garnishments from his bank account prior to the court adopting the magistrate's decision.

{¶ 18} We agree that only judges, not magistrates, may terminate claims or actions by entering judgment. *Harkai v. Scherba Industries, Inc.* (2000),

---

[2]As we stated previously, the court must determine the exemption under the correct formula (either monthly or biweekly) and then additionally determine the amount that would be exempted under the general 75% formula; the formula that leaves the greatest exemption is used for calculating the garnishment.

136 Ohio App.3d 211, 217, 736 N.E.2d 101. We recognize that Eaton continued to garnish Brier's wages before the trial court adopted the magistrate's report; however, the trial court did adopt the report. Thus, Brier's argument is moot. We see no necessity to require Eaton Family to reimburse Brier for the amounts garnished prior to the court's adoption of the magistrate's report, only to have Brier return the amounts to Eaton Family. Accordingly, Brier's fourth assigned error is overruled.

**{¶ 19}** Judgment is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR